| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

```
                                                )
In re                                           )   Chapter 11
                                                )
TRONOX INCORPORATED, et al.,                    )   Case No. 09-10156 (ALG)
                                                )
                        Debtors.                )   Jointly Administered
                                                )
                                                )
Mount Canaan Full Gospel Church, Inc.,          )
                                                )
                        Plaintiff,              )
                                                )
             v.                                 )   Adversary Proceeding No. 09-01537 (ALG)
                                                )
Kerr-McGee Refining Corporation, et al.,        )
                                                )
                        Defendants.             )
                                                )
```

**DECISION AND ORDER REMANDING ACTION**

A P P E A R A N C E S:

BURR & FORMAN LLP
*Counsel for Mt. Canaan Full Gospel Church, Inc.*
   By:  Robert B. Rubin
        D. Christopher Carson
        John R. Lehman II
3400 Wachovia Tower
420 N 20th Street
Birmingham, AL 35203

KIRKLAND & ELLIS LLP
*Counsel for the Debtors, Tronox Inc., et al.*
   By:  Jonathan S. Henes
        Michael A. Cohen
601 Lexington Ave.
New York, NY 10022-4611
   By:  Patrick J. Nash, Jr.
        Jeffrey J. Zeiger
        David H. DeCelles
300 North LaSalle Street
Chicago, IL 60654

BINGHAM McCUTCHEON LLP
*Counsel for Kerr-McGee Corporation*
   By:  Milissa A. Murray
2020 K Street, NW
Washington, DC 20006

MAYNARD COOPER & GALE PC
*Counsel for Colonial Pipeline*
   By:  James L. Goyer III
         Christopher J. Williams
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203


**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Mount Canaan Full Gospel Church, Inc. ("Mt. Canaan" or "Plaintiff") has moved for an order remanding this adversary proceeding ("the Mt. Canaan Suit" or the "Alabama lawsuit"), abstaining in favor of the State Court, and for relief from the automatic stay, so that a trial on the merits may proceed in the Circuit Court of Jefferson County, Alabama ("the Alabama State Court").  For the reasons set forth below, the case is remanded to the Alabama State Court for further proceedings.  The automatic stay no longer applies, and relief therefrom is not needed.

**BACKGROUND**

Mt. Canaan initiated the case at bar as a civil action in the Alabama State Court on April 27, 2006.  The complaint asserts claims of negligence, trespass, nuisance, and strict liability for environmental contamination caused by defendants' alleged operation of a petrochemical facility in Birmingham, Alabama, with resulting harm to Mt. Canaan's property.  The defendants named in the complaint are Kerr-McGee Corporation, Kerr-McGee Refining Corporation, Triangle Terminal of Birmingham, Inc., Triangle Refineries, Inc., Allied Energy Corporation, and Colonial Pipeline Company ("Colonial"). Colonial filed an answer to the complaint which

2

named Kerr-McGee Corporation, Tronox, Inc. ("Tronox"), and Triple S Refining Corporation as cross-claim defendants.

Tronox and certain affiliates, including cross-claim defendant Triple S Refining Corporation, filed petitions in the above-captioned chapter 11 cases on January 12, 2009, after which a Suggestion of Bankruptcy was filed in the Plaintiff's case.[1]  Prior to the date of the petitions, Triple S Refining Corporation had filed an answer to the Plaintiff's complaint stating that it had formerly been known as Kerr-McGee Refining Corporation and that it was also successor-in-interest to the named defendants Triangle Terminal of Birmingham, Incorporated and Triangle Refineries, Incorporated.  After the Debtors' chapter 11 filings, the automatic stay under 11 U.S.C. § 362 halted further proceedings in the Alabama State Court.

Kerr-McGee Corporation ("KMC"), a named defendant in the Alabama suit, filed a notice of removal in the United States District Court for the Northern District of Alabama on April 29, 2009, asserting that bankruptcy jurisdiction existed under 28 U.S.C. § 1334(b) and that removal was proper under 28 U.S.C. § 1452(a).  KMC then filed a motion to transfer venue to this Court.  The Plaintiff responded to that motion with a motion to remand or abstain as well as a motion for relief from the automatic stay.  The District Court entered an order on May 7, 2009 referring the case to the Bankruptcy Court for the Northern District of Alabama.  Judge Bennett of that Court granted the motion to transfer venue on October 1, 2009, and provided in his order that this Court should decide the questions of remand, abstention and relief from the stay.

Although "Kerr-McGee Corporation" is named as a defendant in the Mt. Canaan complaint, KMC asserted in its Notice of Removal that it is not the entity that once owned the

---

[1] The Debtors in these cases include:  Tronox Luxembourg S.ar.l; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

allegedly contaminated property in Alabama.  KMC asserted that it is a wholly owned subsidiary of Anadarko Petroleum Corporation ("Anadarko") and is not a successor to another entity formerly known as "Kerr-McGee Corporation."  That entity, according to KMC, was "renamed Kerr-McGee Operating Corporation in 2001, merged into Kerr-McGee Chemical Worldwide LLC in 2002 and changed its name to Tronox Worldwide LLC in 2005."[2]  It is now a subsidiary of Tronox and also a debtor in the above chapter 11 cases.  KMC argued that it should be considered a third-party defendant on the grounds that it was not correctly named in the initial complaint or validly served with process in the State action until being named as a "cross-claim defendant" by Colonial.  Notice of Removal, ¶ 5.

A hearing on the request by Mt. Canaan for relief from the automatic stay and for remand and abstention was held before this Court on November 9, 2010.  The Court was informed that the Debtors and the Plaintiff had resolved their disputes, and a stipulated settlement between Mt. Canaan and the Debtors was approved by this Court in an order dated November 15, 2010.  Case No. 09-01537, Dkt. No. 94.  Pursuant to the stipulation, Mt. Canaan released each of the Debtors from all claims and any liability related to the Mt. Canaan Suit, and the Debtors agreed not to oppose the remand of this case and its prosecution against non-debtor defendants by Mt. Canaan.

A separate stipulation between the Debtors and Colonial was entered on November 30, 2010, dismissing its cross-claims against the Debtor defendants. Case No. 09-01537, Dkt. No. 97.  In exchange, Colonial's claims against the Debtors were allowed in the aggregate amount of $500,000; Colonial reserved its rights to pursue recovery from other non-debtor parties.

On November 30, 2010, the Debtors' plan of reorganization was confirmed, pursuant to which an environmental settlement agreement was entered into with the United States and other

---

[2] There is no dispute that the Debtors or some of them are the successors to "Old Kerr-McGee Corporation" and that the oil and gas business of Old Kerr-McGee was spun off into a new company which took the same name and is now known as Kerr-McGee Corporation.  It was acquired by Anadarko in 2006.

4

governmental stakeholders. On January 26, 2010, a stipulation was approved by this Court setting the amount of the proof of claim filed by Anadarko and KMC ("New Kerr-McGee") for damages arising in connection with the spin-off of Tronox from KMC at $29 million.

## DISCUSSION

The present matter was removed from the Alabama State Court pursuant to 28 U.S.C. § 1452(a), which provides for removal of "a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction . . . under section 1334 of this title." 28 U.S.C. § 1452(a). There is no apparent dispute that at the time of removal Debtors were defendants in the State Court action and the Court had jurisdiction under 28 U.S.C. § 1334(b) as a civil proceeding related to the Debtors' bankruptcy.

Mt. Canaan seeks remand or abstention under 28 U.S.C. §§ 1447(c), 1452(b), 1334(c)(1) and (2), and Federal Rules of Bankruptcy Procedure 9014 and 9027(d). Turning first to the question of remand, 28 U.S.C. § 1452(b) provides that the court may remand a removed claim or cause of action "on any equitable ground." Courts in this district considering remand under § 1452(b) frequently apply the equitable grounds examined in *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991), which include:

> (1) The effect on the efficient administration of the bankruptcy estate;
> (2) The extent to which issues of state law predominate;
> (3) The difficulty or unsettled nature of the applicable state law;
> (4) Comity;
> (5) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (6) The existence of the right to a jury trial; and
> (7) Prejudice to the involuntarily removed defendants.

Application of these factors to the case at bar establishes that remand of this case to the Alabama State Court is appropriate.

The confirmation of the Debtors' plan of reorganization and the approval of stipulations releasing or fixing the liability of the Debtors to the other parties in the Alabama lawsuit have obviated any issues regarding the effect of this case on the efficient administration of the bankruptcy. The Plaintiffs' claims against the Debtors have been dropped and cross-claims by Colonial and potential third-party claims by KMC have been quantified or liquidated. Further proceedings by which Mt. Canaan would pursue a claim against KMC or any of the other defendants would no longer have an effect on the bankruptcy estates.

KMC argues that an adversary proceeding brought by the Debtors against Anadarko and KMC, which includes allegations under the Bankruptcy Code and Oklahoma law of fraudulent conveyance, breach of fiduciary duty, and conspiracy and aiding and abetting of breach of fiduciary duty ("the Anadarko Litigation"), is inextricably related to the causes of action brought by Mt. Canaan in this suit. *See Tronox Inc. v. Anadarko Petroleum Corp. and Kerr-McGee Corp.*, 429 B.R. 73 (Bankr. S.D.N.Y. 2010). However, the Anadarko Litigation is concerned with the corporate transactions that gave rise to the spin-off. These claims are independent of those in the Mt. Canaan Suit, which is based solely on Alabama law and relates only to events and property located in Alabama. A determination in the Alabama Court as to the liability of KMC or any other party on the claims brought by Mt. Canaan under Alabama law would not appear to have any effect on the Anadarko Litigation.

The fact that Alabama law is at issue in the Alabama lawsuit and that Mt. Canaan and Colonial have requested a jury for the trial of their claims also favor remand under the second, third, fourth, and sixth factors listed in *Drexel*. Remand will allow the Alabama courts to decide any legal questions relevant to the remaining claims in a manner consistent with State

jurisprudence.  Moreover, it appears that the evidence and witnesses necessary to present testimony to a jury are all located in Alabama.

In addition to the factors favoring remand, it would appear that mandatory abstention would be required here.  KMC's primary argument against the application of mandatory abstention under § 1334(c)(2) was that this action is closely related to the chapter 11 proceedings and that the needs of these proceedings would make it impossible for Mt. Canaan to satisfy the requirement that the action "can be timely adjudicated" in the Alabama State court.  28 U.S.C. § 1334(c)(2).  The Second Circuit's recent decision in *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, No. 09-4302-cv, 2011 WL 135810 (2d Cir. Jan. 18, 2011), sets forth four factors to consider in assessing whether a State court can "timely adjudicate" a case under § 1334(c)(2):

> (1) The backlog of the state court's calendar relative to the federal court's calendar;
> (2) The complexity of the issues presented and the respective expertise of each forum;
> (3) The status of the title 11 bankruptcy proceeding to which the state law claims are related;
> (4) Whether the state court proceeding would prolong the administration or liquidation of the estate.

*Id.* at 16-17.  The party opposing remand "bears the burden to show that these matters cannot be timely adjudicated in state court." *Id.* at 21.  When a significant length of time has elapsed since removal, the decision to remand should be based on an updated factual record.  *See id.*

In the present case, developments have made litigation of the Alabama case largely of no moment in connection with these chapter 11 proceedings.  A plan of reorganization has been confirmed in the chapter 11 cases and stipulations have been approved between the Debtors and, respectively, Mt. Canaan, Colonial, and KMC.  These stipulations fix the interests of these parties in the bankruptcy estate and render the results in Alabama largely irrelevant to the

ongoing chapter 11 cases. Although the issue of mandatory abstention need not be reached, it would appear that abstention under § 1334(c)(2) would be appropriate.

## CONCLUSION

This case is remanded, pursuant to 28 U.S.C. § 1452(b), to the Circuit Court of Jefferson County, Alabama for further proceedings. Upon remand, the automatic stay under 11 U.S.C. § 362 will no longer affect prosecution of the remaining claims in the Alabama action and that case can proceed free of any bankruptcy stay.

IT IS SO ORDERED.

Dated:   New York, New York
         February 4, 2011                    */s/ Allan L. Gropper*
                                             HONORABLE ALLAN L. GROPPER
                                             UNITED STATES BANKRUPTCY JUDGE

8